UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$75,863.50 U.S. CURRENCY, )<br>)<br>Defendant. ) | CASE NO. 4:08-cv-0115-DFH-WGH |

ENTRY ON MOTION TO DISMISS

The United States filed a complaint for forfeiture of $75,863.50 of United States currency pursuant to 21 U.S.C. § 881. The government alleges that the currency constitutes the proceeds of illegal activities or facilitated violations of federal law. Claimant Georgia Caruthers has moved to dismiss the action for lack of subject matter jurisdiction. The motion to dismiss is denied.

The currency was seized on February 18, 2008, by local police officers executing a search warrant at the home of Robert Caruthers, whom they suspected of cocaine trafficking. (Claimant Georgia Caruthers is his mother and also lives in the home.) The officers found residue of both powder and crack cocaine, digital scales with cocaine residue, bags containing cocaine residue, and several hidden stashes of small quantities of cocaine. They also found an open

safe that contained cocaine residue, records of sales and receipts, and $73,300 in currency.

On February 29, 2008, the prosecuting attorney for Clark County filed a motion with the Clark Superior Court to transfer the seized property from state court custody to federal custody for federal forfeiture proceedings. That same day, the Clark Superior Court issued the requested order pursuant to Indiana Code § 34-24-1-9(a) transferring the property seized at the Caruthers home, including the currency, to the custody of the Federal Bureau of Investigation for federal forfeiture proceedings. On May 16, 2008, the Clark Superior Court issued an amended transfer order that corrected an error in the amount of the currency.

Ms. Caruthers' motion to dismiss for lack of subject matter jurisdiction is based on two grounds. First, she focuses on the fact that there was a typographical error in a statutory citation in the state prosecuting attorney's motion seeking the transfer of the property to federal authority. Second, she objects to the fact that she had no opportunity in state court to object to the transfer of the property to federal authority. Neither of these grounds undermines this court's subject matter jurisdiction.

Ms. Caruthers' motion is based on a misunderstanding of the nature of the court's subject matter jurisdiction. Even if there was a flaw in the state court's handling of the property, the "subject-matter jurisdiction" of Rule 12(b)(1) of the

Federal Rules of Civil Procedure refers to the federal court's power to decide a case, not to compliance with various procedural rules that might prove to be obstacles to success on the merits. See, *e.g.*, *Farzana K. v. Indiana Department of Education*, 473 F.3d 703, 705 (7th Cir. 2007) (collecting cases and vacating an erroneous dismissal for lack of "jurisdiction" where the plaintiff had failed to comply with time limit and verification requirements); *Kanar v. United States*, 118 F.3d 527, 529-30 (7th Cir. 1997) (explaining which requirements under the Federal Tort Claims Act are actually "jurisdictional"). Whatever substantive and procedural issues might arise in this action, Congress has given this court jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction over civil actions commenced by the United States) and 28 U.S.C. § 1355 (district courts have original jurisdiction over an action for forfeiture).

To the extent that Ms. Caruthers is challenging this court's jurisdiction over the property or *res* that the government seeks to forfeit, it is well established that even an unlawful seizure of the *res* before the court does not defeat jurisdiction, just as an unlawful arrest of a person does not prevent a court from exercising jurisdiction over his person in a criminal prosecution. See *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (collecting cases on both points).

Even apart from the effort to frame her objections in terms of jurisdiction, Ms. Caruthers has not shown even a non-jurisdictional defect in the proceedings.

Both the original and amended transfer orders from the Clark Superior Court are facially valid. Ms. Caruthers relies on the fact that the prosecutor's motion seeking the transfer cited the wrong subsection of the applicable state law, Indiana Code § 35-33-5-5, which governs the disposition of property seized under search warrants or otherwise held by Indiana courts. The statute provides:

> Upon motion of the prosecuting attorney, the court shall order property seized under IC 34-24-1 transferred, subject to the perfected liens or other security interests of any person in the property, to the appropriate federal authority for disposition under 18 U.S.C. 981(e), 19 U.S.C. 1616a, or 21 U.S.C. 881(e) and any related regulations adopted by the United States Department of Justice.

Ind. Code § 35-33-5-5(j). Until 1999, the quoted language was found in subsection (i) of the same statute. Indiana Public Law 17-2001, Section 11 added a new subsection (e) to the statute, so the transfer language was shifted down to subsection (j). The prosecuting attorney's 2008 motion for transfer to federal authority cited subsection (i) but correctly quoted the applicable text from subsection (j). The judge's orders quoted the relevant language from Title 34 of the code, which also provides that the court must grant such a motion by the prosecuting attorney:

> Upon motion of a prosecuting attorney under IC 35-33-5-5(j), property seized under this chapter must be transferred, subject to the perfected liens or other security interests of any person in the property, to the appropriate federal authority for disposition under 18 U.S.C. 981(e), 19 U.S.C. 1616a, or 21 U.S.C. 881(e) and any related regulations adopted by the United States Department of Justice.

Ind. Code § 34-24-1-9(a).

-4-

Claimant has made no showing that the typographical error in the prosecutor's motion has any consequence even under state law, and certainly not when the motion quoted the applicable language and the court's orders were facially valid. The typographical error does not call into question this court's subject matter jurisdiction, and claimant has not shown that the error in the motion undermines the validity of the otherwise proper state court orders.

Claimant's second theory is that she was entitled to notice and an opportunity to be heard before state authorities transferred control of the property to federal authorities. State law does not provide for such notice and hearing before the transfer. The state statutes quoted above simply *require* the state court to grant such motions when filed by the prosecutor.

In *Martin v. Indiana State Police*, 537 F. Supp. 2d 974 (S.D. Ind. 2008), this court dealt with a transfer of seized property from state authorities to federal authorities for federal forfeiture, though without obtaining any order at all from the state court that had issued the search warrant.[1] In *Martin*, the civil plaintiff argued that the unauthorized transfer had violated his federal due process rights. This court rejected the claim, concluding that the transfer merely changed the forum and that federal forfeiture proceedings would provide ample procedural

---

[1] *Martin* addressed why state and local police might prefer federal forfeiture proceedings. Under federal law, state and local law enforcement authorities might receive as much as 80 percent of the amount forfeited. Indiana law requires that property forfeited under state law be shared among a number of other funds and offices. *Martin*, 537 F. Supp. 2d at 977.

protections before there could be any final deprivation of the claimed property. *Id.* at 987-89, following *Madewell v. Downs*, 68 F.3d 1030, 1044-45 (8th Cir. 1995). The same reasoning applies here. This proceeding should give claimant sufficient opportunity to be heard.

Accordingly, claimant's motion to dismiss for lack of subject matter jurisdiction is hereby denied.

So ordered.

Date: July 6, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

William Perry McCall, III
MOSLEY BERTRAND JACOBS & MCCALL
wmpm3@msn.com

Winfield D. Ong `
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov